At the time of his death, one John H. Flett held an option to purchase certain property in Atlantic City. Flett died on May 14th, 1905, testate. By his will, which was probated May 25th, 1905, his property was given to his wife, Bertha Emma Flett, and his sons, John H. Flett, Jr., and William John Flett, in equal parts, and Mrs. Flett was named as executrix of the will and guardian of the two children. Charles Flett, the infant defendant, was born shortly after his father's death.
On March 10th 1909, Mrs. Flett, in her individual capacity, exercised the option and purchased the property in question, taking the title thereto in her own name. *Page 245 
She afterwards sold the premises to parties by the name of James, at a very much higher valuation than paid for by her. After examination of the records, the defendant title company set forth in its certificate of search as an exception the possible interests of the infant son of the complainant, the two other sons having previously quit-claimed to the mother "all their right, title and interest in the premises."
At the time of the settlement with James, Mrs. Flett assigned to the title company a mortgage of $45,000, which she received from James, as security against loss, and the company issued its policy insuring the title to said property without excepting the possible "interest of the infant son."
The bill is filed praying for a decree "that said Charles Flett has not now nor ever had any interest in the premises described herein or in the mortgage referred to, and that the South Jersey Title and Finance Company be required to reassign to her the bond and mortgage herein referred to, and that she may have such other and further relief as may be agreeable to equity."
There is no contention that the posthumous child was not entitled to his share in the estate of his father.
The only question to be determined is, Has the estate of Flett any equitable interest in the results obtained by Mrs. Flett's exercise of the option above referred to in her individual capacity?
An unexercised option to purchase goes primarily to the executor of the lessee and afterwards to his legatee. McCormick
v. Stephany, 57 N.J. Eq. 257.
It is unnecessary to cite authorities, that one who holds property in a fiduciary capacity cannot purchase that property at his own sale. Certainly an executor cannot refrain from selling a valuable right — in this case an option to purchase — or exercising that right in her fiduciary capacity, and then in her individual capacity exercise the same to her personal advantage.
The complainant insists that at no time was the estate in financial position to exercise the option. I am unable to *Page 246 
now determine this question, even if it were necessary so to do.
This option remained an asset of the estate. The executor exercised it, and the advantage or profits arising therefrom must be held as profits accruing to the estate.
The infant child has an interest therein, and the defendant title company, having insured against such interest, is entitled to hold the mortgage assigned as security to it against loss by reason of such insurance.
A decree will be advised dismissing the bill.